*Encisco vs. 3M Company, et al.*
Removal from State Court

# EXHIBIT 1

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
08/01/2018 10:19AM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201800391
HON. HONORABLE MARK MORAN

1   Burt Rosenblatt, AZ Bar No. 014023
2   **ELY BETTINI ULMAN & ROSENBLATT**
    3200 N. Central Avenue, Ste. 1930
3   Phoenix, Arizona 85012
    Telephone (602) 230-2144
4   Facsimile (602) 264-9337
5   burt@eburlaw.com

6   In association with:

7   Andrew Waters, CA Bar No. 147259
8   Kevin M. Loew, CA Bar No. 238080
    Rajeev K. Mittal, CA Bar No. 293463
9   **WATERS KRAUS & PAUL**
10  222 N. Pacific Coast Highway, Suite 1900
    El Segundo, CA 90245
11  Tel:  310.414.8146
12  Fax: 310.414.8156
    waters@waterskraus.com
13  kloew@waterskraus.com
    rmittal@waterskraus.com
14  *Pro Hac Vice Admissions in Process*
15  *Attorneys for Plaintiffs and all Statutory Beneficiaries*

16

17          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

18             **IN AND FOR THE COUNTY OF COCONINO**

19  **JOANN VICTORIA ENCISCO**, *On Her*    )    No.
20  *Own Behalf and on Behalf of All Other*  )
    *Statutory Beneficiaries of* EMMANUEL     )
21  ENCISCO, JR., *Deceased, and On Behalf*  )    **COMPLAINT**
22  *of the* ESTATE OF EMMANUEL               )
    ENCISCO, JR. *as its Personal*            )    (Tort/Non-Motor Vehicle)
23  *Representative*,                         )
                                              )    (Wrongful Death)
24                                            )
                        Plaintiff,            )
25                                            )
                                              )
26  v.                                        )
                                              )

PLAINTIFFS' ORIGINAL COMPLAINT FOR WRONGFUL DEATH                              1

| | |
|---|---|
| 1 | **3M COMPANY** *f/k/a* MINNESOTA ) |
| 2 | MINING AND MANUFACTURING, a ) |
|   | Delaware Corporation with its principal ) |
| 3 | place of business in the State of ) |
|   | Minnesota; ) |
| 4 | **ACE HARDWARE CORPORATION,** ) |
|   | a Delaware Corporation with its principal ) |
| 5 | place of business in the State of Illinois; ) |
|   | **AUTOZONE, INC.** *f/k/a* AUTO SHACK ) |
| 6 | INC., a Nevada Corporation with its ) |
| 7 | principal place of business in the State of ) |
|   | Tennessee; ) |
| 8 | **CERTAINTEED CORPORATION,** a ) |
| 9 | Delaware Corporation with its principal ) |
|   | place of business in the State of ) |
| 10 | Pennsylvania; ) |
| 11 | **GENUINE PARTS COMPANY** (*sued* ) |
|   | *individually and as successor-in-interest* ) |
| 12 | *to* NATIONAL AUTOMOTIVE PARTS ) |
| 13 | ASSOCIATION *a/k/a* NAPA), a Georgia ) |
|   | Corporation with its principal place of ) |
| 14 | business in the State of Georgia; ) |
| 15 | **HONEYWELL INTERNATIONAL** ) |
|   | **INC.** (*sued individually and as successor* ) |
| 16 | *to* ALLIEDSIGNAL, INC. *successor to* ) |
|   | BENDIX CORPORATION), a Delaware ) |
| 17 | Corporation with its principal place of ) |
| 18 | business in the State of New Jersey; ) |
|   | **INGERSOLL-RAND COMPANY,** a ) |
| 19 | New Jersey Corporation with its principal ) |
| 20 | place of business in the State of North ) |
|   | Carolina; ) |
| 21 | **KELLY-MOORE PAINT COMPANY,** ) |
| 22 | **INC.,** a California Corporation with its ) |
|   | principal place of business in the State of ) |
| 23 | California; ) |
|   | **PARKER-HANNIFIN** ) |
| 24 | **CORPORATION** (*sued individually and* ) |
| 25 | *as successor-in-interest to* SACOMA- ) |
|   | SIERRA, INC.) an Ohio Corporation with ) |
| 26 | its principal place of business in the State ) |
|   | of Ohio; ) |

1
2
3
4
5
6
7

**PROBUILD HOLDINGS LLC,** (*sued individually and as successor-in-interest to* LANOGA CORPORATION, *successor-in-interest to* BABBITT BROTHERS TRADING COMPANY), a Delaware Corporation with its principal place of business in the State of Texas; **UNION CARBIDE CORPORATION,** a New York Corporation with its principal place of business in the State of Texas,            )
)
)
)
)
)
)
)
)
)
)

8

Defendants.                )

9                                         )

10

     Comes now the Plaintiff, **JOANN VICTORIA ENCISCO**, *On Her Own*

11

*Behalf and on Behalf of All Other Statutory Beneficiaries of* EMMANUEL ENCISCO,

12

JR., *Deceased, and On Behalf of the* ESTATE OF EMMANUEL ENCISCO, JR. *as its*

13

*Personal Representative* by and through her undersigned counsel, for her cause of

14

action against Defendants, alleges as follows:

15

### INTRODUCTION AND PARTIES

16

     1.    Certain Defendants named herein reside in this County, maintain offices

17

in this County and/or have their principal place of business in this County; therefore,

18

venue properly lies in this County. All or a substantial portion of the acts or omissions

19

that form the basis for this lawsuit occurred in this County. Certain acts or omissions,

20

which were a proximate or producing cause of Plaintiff's Decedent EMMANUEL

21

ENCISCO, JR's asbestos-related injuries, illness, and death occurred in Arizona.

22

     2.    The damages sought by Plaintiff, exclusive of interests and costs, exceed

23

the minimum jurisdictional limits of the Court.

24

     3.    Plaintiff JOANN VICTORIA ENCISCO is a resident of the City of

25

Cottonwood, State of Arizona and is/was the daughter of Plaintiff's Decedent,

26

EMMANUEL ENCISCO, JR.

PLAINTIFFS' ORIGINAL COMPLAINT FOR WRONGFUL DEATH                    3

4.      Defendant **3M COMPANY** (f/k/a MINNESOTA MINING AND MANUFACTURING) is a Delaware corporation registered to do business in Arizona, and has its principal place of business at 3M Center Income Tax 224-5N-40, Building 224-5N-40, St. Paul, Minnesota 55144-1000. Defendant, 3M Company may be served with process through its registered agent, Corporation Service Company, 2338 W. Royal Palm Road, Suite J, Phoenix, Arizona 85021. This Defendant is being sued as a Manufacturer Defendant.

5.      Defendant **ACE HARDWARE CORPORATION** is a Delaware corporation registered to do business in Arizona, and has its principal place of business at 2200 Kensington Court, Oak Brook, Illinois 60523. Defendant ACE HARDWARE CORPORATION may be served with process at its registered agent, Corporation Service Company, 2338 W. Royal Palm Road, Suite J, Phoenix, Arizona 85021. This Defendant is being sued as a Supplier Defendant.

6.      Defendant **AUTOZONE, INC.** *f/k/a* AUTO SHACK INC. is a Nevada corporation registered to do business in Arizona, and has its principal place of business at 3030 Poplar Avenue, Memphis, Tennessee 38111. Defendant, AUTOZONE, INC. may be served with process through its registered agent, CT Corporation System, 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012. This Defendant is being sued as a Supplier Defendant.

7.      Defendant **CERTAINTEED CORPORATION** is a Delaware corporation registered to do business in Arizona, and has its principal place of business at 20 Moores Road, Malvern, Pennsylvania 19355. Defendant, CERTAINTEED CORPORATION may be served with process through its registered agent, CT Corporation System, 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012. This Defendant is being sued as a Manufacturer Defendant.

8.     Defendant **GENUINE PARTS COMPANY** (*sued individually and as successor-in-interest to* NATIONAL AUTOMOTIVE PARTS ASSOCIATION *a/k/a* NAPA). is a Georgia corporation registered to do business in Arizona, and has its principal place of business at 2999 Wildwood Parkway, Atlanta, Georgia 30339. Defendant, GENUINE PARTS COMPANY may be served with process through its registered agent, CT Corporation System, 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012. This Defendant is being sued as a Supplier Defendant.

9.     Defendant **HONEYWELL INTERNATIONAL INC.** (sued individually and as successor-in-interest to ALLIEDSIGNAL, INC. successor to BENDIX CORPORATION) is a Delaware corporation registered to do business in Arizona, and has its principal place of business at 115 Tabor Road, Morris Plains, New Jersey 07950. Defendant HONEYWELL INTERNATIONAL INC. may be served with process at its registered agent, Corporation Service Company, 2338 W. Royal Palm Road, Suite J, Phoenix, Arizona 85021. This Defendant is being sued as a Supplier and Friction Defendant.

10.     Defendant **INGERSOLL-RAND COMPANY** is a New Jersey corporation registered to do business in Arizona, and has its principal place of business at 800-E Beaty Street, Davidson, North Carolina 20836. Defendant INGERSOLL-RAND COMPANY may be served with process at its registered agent, Corporation Service Company, 2338 W. Royal Palm Road, Suite J, Phoenix, Arizona 85021. This Defendant is being sued as an Equipment Defendant.

11.     Defendant **KELLY-MOORE PAINT COMPANY, INC.** is a California corporation registered to do business in Arizona, and has its principal place of business at 987 Commercial Street, San Carlos, California 94070. Defendant, KELLY-MOORE PAINT COMPANY, INC. may be served with process through its registered agent,

1  CT Corporation System, 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012.
2  This Defendant is being sued as a Manufacturer Defendant.

3      12.    Defendant **PARKER-HANNIFIN CORPORATION** (*sued individually*
4  *and as successor-in-interest to* SACOMA-SIERRA, INC.) is an Ohio corporation
5  registered to do business in Arizona, and has its principal place of business at 6035
6  Parkland Blvd, Cleveland, Ohio 44124.    Defendant, PARKER-HANNIFIN
7  CORPORATION may be served with process through its registered agent, CT
8  Corporation System, 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012.
9  This Defendant is being sued as a Manufacturer Defendant.

10     13.    Defendant **PROBUILD HOLDINGS LLC** (*sued individually and as*
11 *successor-in-interest to* LANOGA CORPORATION, *successor-in-interest to*
12 BABBITT BROTHERS TRADING COMPANY) is a Delaware corporation and has
13 its principal place of business at 2001 Bryan Street, Suite 1600, Dallas, Texas 75234.
14 Defendant, PROBUILD HOLDINGS LLC has at all times relevant to this litigation
15 conducted business in this State and while it is required to maintain a registered agent
16 for service of process, it has not designated such an agency.    Therefore, said
17 corporation may be served with process through its domicile registered agent, The
18 Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,
19 Wilmington, DE 19801. This Defendant is being sued as a manufacturer, supplier and
20 distributor Defendant.

21     14.    Defendant **UNION CARBIDE CORPORATION** is a New York
22 corporation registered to do business in Arizona, and has its principal place of business
23 at 2030 Dow Center Midland, Michigan 48674.    Defendant, UNION CARBIDE
24 CORPORATION may be served with process through its registered agent, CT
25 Corporation System, 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012.
26 This Defendant is being sued as a Supplier Defendant.

15.    Decedent EMMANUEL ENCISCO, JR. suffered and on May 8, 2018 died from malignant mesothelioma, caused by an exposure to asbestos and asbestos-containing products and equipment.  Decedent EMMANUEL ENCISCO, JR. was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

16.   . This action is brought and these allegations are made.

17.    Each and every allegation in this Complaint is expressly made in the alternative to, as well as in addition to, every other allegation.

## COUNT ONE
## ALLEGATIONS AGAINST MANUFACTURING
## AND EQUIPMENT DEFENDANTS

18.    Plaintiff alleges that Plaintiff's Decedent EMMANUEL ENCISCO, JR. was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation.   Each Defendant corporation, **3M COMPANY** (*f/k/a* MINNESOTA MINING AND MANUFACTURING), **CERTAINTEED CORPORATION; INGERSOLL-RAND COMPANY; KELLY-MOORE PAINT COMPANY, INC.; PARKER-HANNIFIN CORPORATION** (*sued individually and as successor-in-interest to* SACOMA-SIERRA, INC.), and **PROBUILD HOLDINGS LLC** (*sued individually and as successor-in-interest to* LANOGA CORPORATION, *successor-in-interest to* BABBITT BROTHERS TRADING COMPANY), or its predecessor-in-interest is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos or asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing

1   products. Plaintiff would show that Plaintiff's Decedent EMMANUEL ENCISCO, JR.
2   had been exposed, on numerous occasions, to asbestos-containing products and/or
3   machinery requiring or calling for the use of asbestos and/or asbestos-containing
4   products produced and/or sold by Defendants and, in so doing, had inhaled great
5   quantities of asbestos fibers. Further, Plaintiff alleges, as more specifically set out
6   below, that Plaintiff's Decedent EMMANUEL ENCISCO, JR. had suffered injuries
7   proximately caused by his exposure to asbestos-containing products designed,
8   manufactured and sold by Defendants. In that each exposure to such products caused or
9   contributed to Plaintiff's Decedent's injuries, illness and death, Plaintiff says that the
10  doctrine of joint and several liability should be extended to apply to each Defendant
11  herein.

12      19.   Plaintiff's Decedent EMMANUEL ENCISCO, JR. was exposed to
13  asbestos-containing products and/or machinery requiring or calling for the use of
14  asbestos and/or asbestos-containing products that were manufactured, designed and
15  distributed by the Defendants and their predecessors-in-interest for use as construction
16  materials and/or machinery in industrial operations.  Plaintiff would show that the
17  defective design and condition of the products and/or machinery rendered such
18  products unreasonably dangerous, and that the asbestos-containing products and/or
19  machinery were in this defective condition at the time they were designed by and/or
20  left the hands of Defendants.  Plaintiff would show that Defendants' asbestos-
21  containing products and/or machinery requiring or calling for the use of asbestos-
22  containing products were defective in the manner in which they were marketed for
23  their failure to contain or include warnings regarding potential asbestos health hazards
24  associated with the use of or the exposure to the products.  Plaintiff would show that
25  this market defect rendered such products and/or machinery requiring or calling for the
26  use of asbestos-containing products unreasonably dangerous at the time they were

1  designed or left the hands of the Defendants.  Plaintiff would show that Defendants are
2  liable in product liability including, but not limited to, strict product liability for the
3  above-described defects.

4      20.    The Defendants are or were engaged in the business of selling,
5  manufacturing, producing, designing and otherwise putting into the stream of
6  commerce asbestos-containing products and/or machinery requiring or calling for the
7  use of asbestos-containing products, and these asbestos-containing products and/or
8  machinery, without substantial change in the condition in which they were sold,
9  manufactured, produced, designed and otherwise put into the stream of commerce were
10  a proximate and producing cause of the injuries, illness and death of Plaintiff's
11  Decedent EMMANUEL ENCISCO, JR.

12      21.    Defendants knew that these asbestos-containing products and/or
13  machinery requiring or calling for the use of asbestos-containing products would be
14  used without inspection for defects and, by placing them on the market, represented
15  that they would safely do the job for which they were intended, which must necessarily
16  include safe manipulation or installation of the asbestos-containing products or
17  operation, maintenance and repair of the machinery requiring or calling for the use of
18  asbestos and asbestos-containing materials.

19      22.    Plaintiff's Decedent EMMANUEL ENCISCO, JR. was unaware of the
20  hazards and defects in the asbestos-containing products of the Defendants, which made
21  them unsafe for purposes of manipulation or installation.  Similarly, Plaintiff's
22  Decedent EMMANUEL ENCISCO, JR. was unaware of the hazards and defects in the
23  products requiring or calling for the use of asbestos and asbestos-containing materials.

24      23.    During the periods that Plaintiff's Decedent EMMANUEL ENCISCO,
25  JR. was exposed to the asbestos-containing products and/or machinery requiring or
26  calling for the use of asbestos-containing products of the Defendants, these asbestos-

1  containing products were being utilized in a manner, which was intended by
2  Defendants.

3    24.    In the event that Plaintiff is unable to identify each injurious exposure to
4  asbestos-containing products and/or machinery requiring or calling for the use of
5  asbestos-containing products, Plaintiff would show the Court that the Defendants
6  named herein represent or represented a substantial share of the relevant market of
7  asbestos-containing products and/or machinery requiring or calling for the use of
8  asbestos-containing products at all times material to the cause of action. Consequently,
9  each Defendant should be held jointly and severally liable under the doctrines of
10  enterprise liability, market-share liability, concert of action and alternative liability,
11  among others.

12    25.    The injuries, illness, disabilities and death of Plaintiff's Decedent
13  EMMANUEL ENCISCO, JR. are a direct and proximate result of the negligence of
14  each Defendant and its predecessor-in-interest in that said entities produced, designed,
15  sold and otherwise put into the stream of commerce, asbestos, asbestos-containing
16  products and/or machinery requiring or calling for the use of asbestos-containing
17  products, which the Defendants knew, or in the exercise of ordinary care, should have
18  known were deleterious and highly harmful to Plaintiff's Decedent EMMANUEL
19  ENCISCO, JR.'s health and well-being.  Certain Defendants created hazardous and
20  deadly conditions to which Plaintiff was exposed and which caused Plaintiff's
21  Decedent EMMANUEL ENCISCO, JR. to be exposed to a large amount of asbestos
22  fibers. The Defendants were negligent in one, some, or all of the following respects,
23  among others, same being the proximate cause of Plaintiff's Decedent's injuries, illness
24  disabilities and death:

25    (a)    in failing to timely and adequately warn Plaintiff's Decedent
26  EMMANUEL ENCISCO, JR. of the dangerous characteristics and serious health

1   hazards associated with exposure to asbestos, asbestos-containing products and/or
2   machinery requiring or calling for the use of asbestos-containing products;

3        (b)    in failing to provide Plaintiff's Decedent EMMANUEL ENCISCO, JR.
4   with information as to what would be reasonably safe and sufficient wearing apparel
5   and proper protective equipment and appliances, if in truth there were any, to protect
6   Plaintiff's Decedent EMMANUEL ENCISCO, JR. from being harmed and disabled by
7   exposure to asbestos, asbestos-containing products and/or machinery requiring or
8   calling for the use of asbestos-containing products;

9        (c)    in failing to place timely and adequate warnings on the containers of said
10  asbestos, or asbestos-containing products, or on the asbestos-containing products
11  themselves, and/or machinery requiring or calling for the use of asbestos-containing
12  products to warn of the dangers to health of coming into contact with said asbestos-
13  containing products and/or machinery;

14       (d)    in failing to take reasonable precautions or exercise reasonable care to
15  publish, adopt and enforce a safety plan and safe method of handling and installing
16  asbestos and asbestos-containing products and/or machinery requiring or calling for the
17  use of asbestos-containing products in a safe manner;

18       (e)    in failing to develop and utilize a substitute material or design to
19  eliminate asbestos fibers in the asbestos-containing products and/or machinery
20  requiring or calling for the use of asbestos-containing products;

21       (f)    in failing to properly design and manufacture asbestos, asbestos-
22  containing products and/or machinery requiring or calling for the use of asbestos-
23  containing products, for safe use under conditions of use that were reasonably
24  anticipated;

25       (g)    in failing to properly test said asbestos-containing products or machinery
26  before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products.

## COUNT TWO

### ALLEGATIONS AGAINST SUPPLIER/ DISTRIBUTOR DEFENDANTS

26.     All of the allegations contained in the previous paragraphs are re-alleged herein.

27.     For all pertinent times, Defendants **ACE HARDWARE CORPORATION; AUTOZONE, INC.** *f/k/a* AUTO SHACK INC.; **GENUINE PARTS COMPANY** (*sued individually and as successor-in-interest to* NATIONAL AUTOMOTIVE PARTS ASSOCIATION *a/k/a* NAPA); **PROBUILD HOLDINGS LLC** (*sued individually and as successor-in-interest to* LANOGA CORPORATION, *successor-in-interest to* BABBITT BROTHERS TRADING COMPANY), and **UNION CARBIDE CORPORATION**, (Supplier Defendants), individually, sold, distributed, and supplied asbestos and asbestos-containing products, which Plaintiff's Decedent EMMANUEL ENCISCO, JR. came in contact with and utilized, and asbestos which Plaintiff's Decedent EMMANUEL ENCISCO, JR. inhaled, causing his injuries, illnesses, and death.

28.     Supplier Defendants, as manufacturers, miners, shippers and suppliers of asbestos fibers to various locations owned or operated by asbestos product manufacturers, are liable to Plaintiff's Decedent EMMANUEL ENCISCO, JR. for failure to warn of the health hazards of exposure to asbestos and failure to design and package its product of raw asbestos so as to adequately protect and warn users of the dangers of exposure to asbestos.

29. Further, Supplier Defendants are liable to Plaintiff as professional vendors of asbestos-containing products, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the asbestos products they sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

30. Further, Supplier Defendants made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers, thereby fraudulently inducing other sophisticated users to use Supplier Defendants' asbestos instead of other types. As such, Supplier Defendants are liable to the Plaintiff's Decedent EMMANUEL ENCISCO, JR. suffering from a disease caused by exposure to the Supplier Defendants' asbestos because Supplier Defendants' fraudulent misrepresentations were detrimentally relied upon (1) by asbestos-product manufacturers incorporating Supplier Defendants' raw asbestos into their finished product and (2) by the Plaintiff's Decedent EMMANUEL ENCISCO, JR. who was exposed to the asbestos-containing product.

31. Finally, Supplier Defendants are liable to Plaintiff because they knew or should have known that the asbestos products, which they sold and supplied, were unreasonably dangerous in normal use, and their failure to communicate this information constitutes negligence. This negligence was the cause of Plaintiff's Decedent's injuries, including, but not limited to, mesothelioma, asbestosis, asbestos-induced pleural disease and other ill health effects and death.

## COUNT THREE

## ALLEGATIONS AGAINST FRICTION DEFENDANT

32. All of the allegations contained in the previous paragraphs are re-alleged herein.

33.     In addition to general medical and scientific data, literature, and test results, Defendant, **HONEYWELL INTERNATIONAL, INC.**, (Friction Defendant) knew or should have known of the specific medical and scientific data, literature and test results relating to the manufacture, as well as to the grinding and drilling, of automobile asbestos containing brake linings and/or clutch friction materials, which first began to be known or knowledgeable to **HONEYWELL INTERNATIONAL, INC.** in the 1930's.

**COUNT FOUR**

**CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS**

34.     All of the allegations contained in the previous paragraphs are re-alleged herein.

35.     Plaintiff further alleges that Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff's Decedent EMMANUEL ENCISCO, JR.'s injuries, illness and death by exposing him to harmful and dangerous asbestos-containing products.     Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff's Decedent EMMANUEL ENCISCO, JR. of the opportunity of informed free choice as to whether to use said asbestos-containing products or to expose himself to said dangers. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products.

36.     In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each

other and other entities, fraudulently, willfully, and maliciously:

(i)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff's Decedent who was using and being exposed to Defendants' asbestos-containing products;

(ii)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(iii)     distorted the results of medical examinations conducted upon Plaintiff's Decedent EMMANUEL ENCISCO, JR. and workers such as Plaintiff's Decedent EMMANUEL ENCISCO, JR. who were using asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating or concealing the nature and extent of the harm to which Plaintiff's Decedent EMMANUEL ENCISCO, JR. and workers such as Plaintiff's Decedent EMMANUEL ENCISCO, JR. have suffered.

(c)     Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators") member companies in the Quebec Asbestos Mining Association, the Asbestos Textile Institute, or the Industrial Hygiene Foundation.  Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff's Decedent EMMANUEL ENCISCO, JR. from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff's Decedent EMMANUEL ENCISCO, JR. even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff's Decedent EMMANUEL ENCISCO, JR. to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent

1  in the use of and exposure to Defendants' asbestos-containing products which caused
2  the release of respirable asbestos fibers.

3       37.    Plaintiff's Decedent EMMANUEL ENCISCO, JR. reasonably and in
4  good faith relied upon the false and fraudulent representations, omissions and
5  concealments made by the Defendants regarding the nature of their asbestos-containing
6  products.

7       38.    As a direct and proximate result of Plaintiff's Decedent EMMANUEL
8  ENCISCO, JR.'s reliance on Defendants' false and fraudulent representations,
9  omissions and concealments, Plaintiff's Decedent EMMANUEL ENCISCO, JR.
10 sustained damages including injuries, illnesses, disabilities and death and was been
11 deprived of the opportunity of informed free choice in connection with the use of and
12 exposure to Defendants' asbestos-containing products.

13

14                   **COUNT FIVE**
15 **GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS**

16      39.    All of the allegations contained in the previous paragraphs are re-alleged
17 herein.

18      40.    The actions and inactions of Defendants and their predecessors-in-
19 interest, as specifically alleged hereinabove, whether taken separately or together, were
20 of such a character as to constitute a pattern or practice of gross negligence, intentional
21 wrongful conduct or malice resulting in damages and injuries to the Plaintiff.
22 Defendants' conduct was specifically intended by Defendants to cause substantial
23 injury to Plaintiff's Decedent EMMANUEL ENCISCO, JR., or was carried out by
24 Defendants with a flagrant disregard for the rights of others and with actual awareness
25 on the part of Defendants that the conduct would, in reasonable probability, result in
26 human deaths or great bodily harm. More specifically, Defendants and their

predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness or malice with regard to the Plaintiff's Decedent EMMANUEL ENCISCO, JR. and should be held liable in punitive and exemplary damages to Plaintiff.

## COUNT SIX

### AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS

41.     All of the allegations contained in the previous paragraphs are re-alleged herein.

42.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent or intentional acts of each and every other Defendant.

43.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff's Decedent EMMANUEL ENCISCO, JR.

44.     The actions of each of the Defendants are a proximate cause of Plaintiff's Decedent's injuries, illness and death.  As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## COUNT SEVEN

### NEGLIGENCE PER SE ALLEGATIONS AGAINST ALL DEFENDANTS

45.     All of the allegations contained in the previous paragraphs are re-alleged herein.

46.     The actions of all Defendants also constituted negligence *per se*.

47.     Each Defendant violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence *per se* or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff's Decedent EMMANUEL ENCISCO, JR.  Plaintiff is not making any

1  claims under federal law; instead, Plaintiff is simply using the violation of federal

2  standards as proof of liability on their state-law theories.  Further, the reference to

3  Federal regulations does not create a Federal question.  See *Merrell Dow*

4  *Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986).  Any removal on this basis

5  will be met with an immediate motion for remand and for sanctions.

6       48.    The negligence *per se* of each Defendant was a proximate cause of

7  Plaintiff's Decedent EMMANUEL ENCISCO, JR. injuries, illness and death.

8

9  **COUNT EIGHT**

10  **LOSS OF CONSORTIUM ALLEGATIONS AGAINST ALL DEFENDANTS**

11

12       49.   Plaintiff **JOANN VICTORIA ENCISCO**, *On Her Own Behalf and on*

13  *Behalf of All Other Statutory Beneficiaries of* EMMANUEL ENCISCO, JR.,

14  *Deceased, and On Behalf of the* ESTATE OF EMMANUEL ENCISCO, JR. *as its*

15  *Personal Representative* brings this cause of action against all Defendants for the loss

16  of consortium in the relationship between their father, Plaintiff's Decedent

17  EMMANUEL ENCISCO, JR., and herself.  Plaintiff has suffered damages, both past

18  and future, as a result of the acts and omissions of the Defendants described herein.

19  The physical injuries and death were a direct and proximate cause by the Defendants to

20  Plaintiff's Decedent EMMANUEL ENCISCO, JR., and, the injuries and death of

21  Plaintiff's Decedent EMMANUEL ENCISCO, JR., have detrimentally impaired the

22  love, companionship, comfort, affection, solace, and moral support, that Plaintiff once

23  shared in their relationship with her father, causing her pain and suffering in the past

24  and to which they will in all likelihood continue to suffer in the future.

25

26

PLAINTIFFS' ORIGINAL COMPLAINT FOR WRONGFUL DEATH       19

## DAMAGES

50.     At all material time hereto, Defendants acted with an evil mind to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others, including Plaintiff, and consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others, including Plaintiff's Decedent, and by reason thereof, Plaintiff demands punitive damages against Defendants, in an amount to be proven at trial.

51.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff's Decedent EMMANUEL ENCISCO, JR., and of the following general and special damages including:

(a)     Damages to punish Defendants for proximately causing Plaintiff's Decedent EMMANUEL ENCISCO, JR.'s untimely injuries illness, and death;

(b)     The disfigurement suffered by Plaintiff's Decedent EMMANUEL ENCISCO, JR.;

(c)     Reasonable and necessary medical expenses incurred by Plaintiff's Decedent EMMANUEL ENCISCO, JR.;

(d)     Plaintiff's Decedent EMMANUEL ENCISCO, JR.'s lost earnings and net accumulations;

(e)     For funeral and burial expenses;

(f)     Past and future loss of love, companionship, comfort, affection, solace, moral support and/or society, which Plaintiff would have received from her father Plaintiff's Decedent EMMANUEL ENCISCO, JR.'s prior to his illness and disability caused by his exposure to asbestos; and

(g)     Plaintiff seeks punitive and exemplary damages.

1   (h)     By their acts and omissions described herein, Defendants intentionally,

2   knowingly and recklessly caused serious bodily injury to Plaintiff's Decedent

3   EMMANUEL ENCISCO, JR.

4   52.     Plaintiff filed suit within two (2) years of the date of discovering

5   Plaintiff's Decedent EMMANUEL ENCISCO, JR.'s asbestos-related conditions or the

6   existence of any asbestos-related causes of action.

7   53.     Plaintiff discovered Plaintiff's Decedent EMMANUEL ENCISCO, JR.'s

8   injury and its cause less then two years prior to the filing of this petition.

9   54.     Pursuant to Arizona Rules of Civil Procedure, Rule 8(b)(2), Plaintiff

10  claims damages in excess of $300,000.00, and, therefore, pleads that this matter

11  qualifies as a tier 3 case under Arizona Rules of Civil Procedure, Rule 26.2(c)(3).

12  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment

13  against each of the Defendants, and each of them, jointly and severally, as follows:

14  1.      For a sum that is reasonable and just as and for Plaintiffs' damages

15          incurred under the Arizona Wrongful Death Act, A.R.S. §12-611, et.

16          seq.;

17  2.      For general compensatory damages in an amount to be proven at trial;

18  3.      For special damages incurred to date, including but not limited to all

19          economic losses, funeral expenses, burial expenses, and medical

20          expenses in an amount to be proven at trial;

21  4.      For punitive damages in an amount to be proven at trial;

22  5.      For an amount representative to Plaintiff's Decedent's medical and

23          related expenses incurred and to be incurred in the future in such amounts

24          to be proven at trial;

25  6.      For loss of past and future income and other economic losses suffered by

26          Plaintiffs in such amounts to be proven at trial herein;

7. For all costs incurred herein;

8. For interest on said judgment from the date this action accrued until paid, and for such other and further relief as the Court deems just in the premises.

9. For their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

DATED this 31st day of July, 2018.

**ELY, BETTINI, ULMAN & ROSENBLATT**

By:   /s/Burt Rosenblatt
      Burt Rosenblatt, Esq.
      3200 N. Central Avenue, Suite 1930
      Phoenix, Arizona 85012
      *Attorneys for Plaintiffs*